**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE NAHYN MARTINEZ, | No. 17-72946 |
| Petitioner, | Agency No. A094-752-405 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2020**

Before: HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Petitioner Jose Nahyn Martinez, a native and citizen of Honduras, timely

petitioned for review of the Board of Immigration Appeals' dismissal of his appeal

from an immigration judge's denial of his applications for withholding of removal

and relief under the Convention Against Torture. Because the petition has become

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

moot, we must dismiss it for lack of jurisdiction. Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128–29 (9th Cir. 2005) (en banc).

Petitioner was voluntarily removed to Honduras while this appeal was pending. He therefore abandoned his applications for relief. 8 C.F.R. § 1208.8(a). Moreover, Petitioner became ineligible for withholding of removal and relief under the Convention Against Torture because both forms of relief, if granted, would prohibit Petitioner's removal, which is no longer possible. See 8 U.S.C. § 1231(b)(3)(A) (providing that, if the standard for withholding of removal is satisfied, "the Attorney General may not remove an alien"); 8 C.F.R. § 1208.16(c)(4) ("Protection under the Convention Against Torture will be granted either in the form of withholding of removal or in the form of deferral of removal."). And Petitioner asserts no "collateral consequence" that keeps his case live. Del Cid Marroquin v. Lynch, 823 F.3d 933, 935 (9th Cir. 2016) (per curiam) (internal quotation marks omitted). Accordingly, there is no "live controversy" and further action on this case would be outside the "constitutional purview" of this court. Gator.com Corp., 398 F.3d at 1128–29.

**DISMISSED.**